UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARD J. MATTER, <br><br>                    Plaintiff, <br><br>       v. <br><br> WASHINGTON DEPARTMENT OF CORRECTIONS, BERNARD WARNER, MARK STERN, G. STEVEN HAMMOND, SUSAN LUCAS, PAT GLEBE, SARA SMITH, NORM GOODENOUGH, CLIFFORD JOHNSON, ELIZABETH SUITER, LARA STRICK, ELIZABETH ESCHBACH, BARBARA CURTIS, CATHERINE BAUM, <br><br>                    Defendants. | No. C13-5213 RBL/KLS <br><br> ORDER TO AMEND OR SHOW CAUSE |

Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 4. The Court will not direct service of Plaintiff's complaint at this time because it contains several deficiencies. Plaintiff will, however, be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).

Plaintiff purports to sue the Washington Department of Corrections (DOC), Bernard Warner, the Secretary of the DOC, two chief medical officers, the superintendent of the Stafford Creek Corrections Center (SCCC), and various DOC health care providers.  Plaintiff alleges that pursuant to a plea agreement in his criminal case, it was agreed that his transfer to DOC custody would be expedited so that he could receive treatment for Hepatitis C.  Before he arrived at the DOC on April 29, 2011, Plaintiff had been receiving treatment for his condition, including Interferon and Ribavirin treatment.  He alleges that his doctor wanted to continue this treatment

for an additional four weeks.  He claims that a drug company sponsored his treatment and had provided $50,000.00 in medication "that was left in his refrigerator."  Plaintiff claims that "all the Defendants denied him access to his medication, and put off and denied his treatment based upon his potential longevity, and most notably, denied him treatment based on WDOC 'budgetary concerns.'"  ECF No. 5, pp. 3-4.  He also claims that he sought continued treatment and although not indicated based on standard protocol, he was subjected to a very painful and incomplete liver-biopsy.  *Id.*, p. 4.

Plaintiff claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, violated his Equal Protection rights, and retaliated against him for exercising his right to file grievances.  *Id.*, p. 4.  He seeks an unspecified amount of compensatory and punitive damages.  *Id.*

Based on the foregoing allegations, Plaintiff has failed to state a viable claim under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a complaint must allege both that: (i) the conduct complained of was committed by a person acting under color of state law *and* (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff complains that he was denied necessary medical treatment and was retaliated against for filing grievances during his incarceration at WCC.  He specifically names Bernard

ORDER TO AMEND OR SHOW CAUSE- 3

Warner, Mark Stern, G. Steven Hammond, Susan Lucas, Pat Glebe, Sara Smith, Norm Goodenough, Clifford Johnson, Elizabeth Suiter, Lara Strick, Elizabeth Eschbach, Barbara Curtis, and Catherine Baum. However, he fails to allege how any of these individuals violated his constitutional rights. He also names the DOC, which is immune from Section 1983 liability.

A.     **Medical Treatment**

With regard to Plaintiff's claim that he was denied proper medical care, he is advised that to establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.*

To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 954 F.2d 1050 (9th Cir.1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35; *McGuckin*, 954 F.2d at 1059.

ORDER TO AMEND OR SHOW CAUSE- 4

Second the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. To withstand summary dismissal, a prisoner must not only allege he was subjected to unconstitutional conditions, he must allege facts sufficient to indicate that the officials were deliberately indifferent to his complaints. *Id*. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*., 622 F.2d 458, 460 (9th Cir.1980).

Plaintiff must provide factual allegations to describe his claim, including the nature of his condition, which defendant denied him care or provided inappropriate care and when this denial occurred. It is not enough for Plaintiff to claim that "all defendants" or that "medical staff" failed to provide him with adequate medical care. He must name the individuals who denied him medical care and describe how their failure to do so deprived him of his constitutional rights.

**B.   Retaliation**

With regard to Plaintiff's claim that one or more of the defendants retaliated against him for filing grievances, he is advised that prisoners have a constitutionally protected right to file grievances and to pursue civil rights litigation without retaliation. *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005); see also *Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir.1997) (prisoner may not be retaliated against for use of grievance system); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) (prisoner may not be penalized for exercising the right of redress of grievances). To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must establish that a defendant or defendants retaliated against him for exercising his constitutional rights; that the

ORDER TO AMEND OR SHOW CAUSE- 5

retaliatory action chilled the exercise of his First Amendment rights; and that the retaliatory action failed to advance legitimate penological goals, such as preserving institutional order and discipline. *Rhodes*, 408 F.3d at 567–68.

Plaintiff alleges, in conclusory manner only, that unknown defendants retaliated against him for filing grievances. This is not sufficient to state a claim of retaliation. Plaintiff must allege facts describing when, where, and how he was retaliated against. He must describe who retaliated against him and the nature of the retaliation; *i.e.,* what adverse action was taken against him that caused him harm because he filed a grievance.

**C.     DOC As Defendant**

Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "Arms of the State" such as the Department of Corrections are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id*., at 70. Therefore, claims against the Department of Corrections would be subject to dismissal.

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff will be given an opportunity to amend his complaint to cure the above noted deficiencies. In the amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

ORDER TO AMEND OR SHOW CAUSE- 6

If the person named as a defendant is a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff and also state facts to support this claim. See *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint and supersedes the original in its entirety. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, it must be clearly labeled the "Amended Complaint," and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended

ORDER TO AMEND OR SHOW CAUSE- 7

complaint. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **April 29, 2013**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

**DATED** this  28th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8